Lin v. Garland

BIA
Poczter, IJ
A208 597 651

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand twenty-two.

PRESENT:
> JON O. NEWMAN,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

CONGHE LIN,
> *Petitioner*,

v.                                                          20-1738
                                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          Joan Xie, Esq., New York, NY.

FOR RESPONDENT:          Brian Boynton, Acting Assistant
                         Attorney General; Carl H.
                         McIntyre, Jr., Assistant Director;
                         Paul Fiorino, Senior Litigation

Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Conghe Lin, a native and citizen of the People's Republic of China, seeks review of a May 26, 2020, decision of the BIA affirming an April 13, 2018, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Conghe Lin*, No. A208 597 651 (B.I.A. May 26, 2020), *aff'g* No. A208 597 651 (Immig. Ct. N.Y. City Apr. 13, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C.

2

§ 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Lin was not credible as to his claims that police in China detained and beat him for attending an unregistered church and that he practices Christianity in the United States.

3

The agency reasonably relied in part on an inconsistency between Lin's statement at his credible fear interview that police pushed his mother to the ground while looking for him after he failed to report as required and his testimony that only his wife and children were at home at the time. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The agency did not err in relying on the record of Lin's credible fear interview because the interview record bears the hallmarks of reliability: it was conducted with an interpreter, it is memorialized in a typewritten question-and-answer format, the questions posed were designed to elicit details of his asylum claim, and Lin's responses indicated that he understood the questions posed. *See Ming Zhang v. Holder*, 585 F.3d 715, 724–25 (2d Cir. 2009). Lin's discussion of his wife's lack of education and her presence during the incident when questioned about the discrepancy did not resolve the inconsistency in his statements. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). The agency also reasonably concluded that the

4

letter Lin's wife wrote in support of Lin's immigration application undermined Lin's statement that the police pushed his mother. Although the letter mentioned that the police had visited their home, it made no mention of Lin's mother – let alone her being pushed – which was significant given Lin's testimony that he learned about the incident from his wife. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Hong Fei Gao*, 891 F.3d 78-79 (providing that the agency may rely on the omission of facts a "witness would reasonably have been expected to disclose").

The agency also did not err in finding that (1) Lin made inconsistent statements regarding his church attendance in the United States as he first stated that he had not attended services in this country before claiming to have attended weekly in New York, and (2) Lin exaggerated the frequency of his church attendance because he initially failed to reveal his much less frequent attendance during the year he lived in Indiana. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) ("The speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense

5

and ordinary experience. So long as an inferential leap is tethered to the evidentiary record, we will accord deference to the finding."). The agency was not compelled to credit Lin's explanation that he thought he was being asked whether he had ever attended an underground church in the United States because that was not the question asked and he admitted that he was unaware of any such churches in this country. *See Majidi*, 430 F.3d at 80.

Having questioned Lin's credibility, the agency reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). As the agency found, aside from his wife's letter, which was not reliable given the omission discussed above, Lin had no evidence corroborating the alleged events in China. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."). Further, a March 2018 letter from

a church in New York, stating that Lin had attended since November 2015, did not rehabilitate his claim as it suffered from the same flaw as his testimony by failing to account for the year he lived in Indiana and attended church infrequently. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Y.C.*, 741 F.3d at 334.

The inconsistencies and lack of corroboration constitute substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The adverse credibility determination, which relates to both past events and Lin's practice of Christianity, is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Accordingly, we do not reach the agency's alternative finding that Lin failed to establish a well-founded fear of persecution on account of his religious practice in the United States. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule

courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").*

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

* Contrary to the Government's waiver arguments, Lin's challenge to the adverse credibility determination necessarily challenges the agency's denial of CAT relief on credibility grounds, and Lin's failure to challenge the agency's alternative burden finding is not dispositive of asylum and withholding of removal given that the burden finding did not reach Lin's past persecution claim.